IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BENNIE MAE SNEAD,                    *

    Plaintiff,                   *

vs.                                  *

GEORGIA DEPARTMENT OF                *       CASE NO. 4:23-CV-153 (CDL)
CORRECTIONS and WARDEN DESHAWN
JONES,                               *

    Defendants.                  *

_____

O R D E R

    Curtis Mincey was beaten to death while he was incarcerated at Rutledge State Prison.  His sister, Plaintiff Bennie Mae Snead, brought this wrongful death action against the Georgia Department of Corrections ("Department") and Rutledge's former warden, Deshawn Jones.  Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of Mincey's federal constitutional rights, as well as claims under the Americans with Disabilities Act, the Rehabilitation Act, and Georgia law.  Defendants filed a motion for judgment on the pleadings, contending that all of Plaintiff's claims should be dismissed.  As discussed below, the Court grants in part and denies in part the motion (ECF No. 3).  Plaintiff's § 1983 claims against the Department and Jones in his official capacity are dismissed, as are the individual capacity claims against Jones under the Rehabilitation Act and the Americans with Disabilities Act.  All other claims remain pending.

JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). In evaluating a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Id.* "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* But if it is clear from the pleadings that the non-moving party "would not be entitled to relief" on a claim based on that party's factual allegations, then that claim should be dismissed. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

FACTUAL BACKGROUND

Plaintiff alleges the following facts, which the Court takes as true for purposes of this Order. Curtis Mincey was a seventy-four-year-old "model inmate" at Rutledge in July 2021. Compl. ¶ 33, ECF No. 1-3. In early July 2021, an inmate contacted Plaintiff, who is Mincey's sister, to report that he had not seen Mincey in more than three days. Plaintiff spoke to a corrections officer and explained that she was concerned that Mincey's life

was in danger.  She asked to communicate with Mincey, but her request was denied.  The corrections officer did not take any steps to check on Mincey's wellbeing or safety.  The next day, Plaintiff spoke to Mincey's counselor, who denied Plaintiff's requests to either speak with Mincey or get confirmation that he was safe and uninjured.

On July 22, 2021, Deputy Warden Burke informed Plaintiff that Mincey had died on July 21.  Deputy Warden Burke told Plaintiff that Warden Jones would contact her with more information.  Since then, Warden Jones has refused to speak with Plaintiff about the particulars of Mincey's death.  The Georgia Bureau of Investigation completed an autopsy and ruled that Mincey's cause of death was homicide; the immediate cause of death was blunt force trauma of the head.  When Plaintiff arranged Mincey's funeral, the funeral director told Plaintiff that he observed obvious trauma to Mincey's head.

There are no specific factual allegations about what caused the head injury that led to Mincey's death.  Plaintiff has tried to get information from prison officials about "the particulars surrounding" Mincey's death, but prison officials have not provided any information to her.  *Id.* ¶ 22.  All Plaintiff has been able to learn is that there was blunt force trauma to Mincey's head, neck, torso, and extremities and that there was visible trauma to Mincey's head.  Plaintiff does allege that Mincey

suffered from schizophrenia "or some other form of mental illness" and that he had a "mental health crisis;" she contends that the corrections officers failed to accommodate Mincey's disabilities and instead punished him for them, resulting in his death. *Id.* ¶¶ 77, 80-82.   Without some discovery, Plaintiff cannot tell whether Mincey was beaten by corrections officers, other inmates, or a combination of both.

Plaintiff brought this action against the Department and former Rutledge Warden Deshawn Jones.  She also anticipates adding corrections officers as Defendants once their identity becomes available; at this point, the Complaint does not describe any corrections officers with specificity except the officer and counselor she spoke with in early July 2021.  Plaintiff does not allege any specific facts about their conduct around the time of Mincey's death on July 21; she asserts that such information has not been available to her despite her efforts to obtain it.

Plaintiff asserts § 1983 claims for violations of Mincey's constitutional rights, including claims for excessive force, deliberate indifference to a serious risk of injury, and deliberate indifference to serious medical needs.  Plaintiff further contends that the policies at Rutledge—including inadequate staffing, supervision, and training—led to Mincey's death.  She also asserts a claim under Title II of the Americans with Disabilities Act and

the Rehabilitation Act, as well as state law claims for negligence and wrongful death.

Following Defendants' motion for judgment on the pleadings, Plaintiff does not dispute that her § 1983 claim against the Department (and Jones in his official capacity) fails because the Department is a state agency and state agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff also does not dispute that Jones in his individual capacity is not subject to liability under the Rehabilitation Act or Title II of the Americans with Disabilities Act because those statutes do not create a cause of action against individuals. *See Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam) (stating that "there is no individual capacity liability under Title II of the" Americans with Disabilities Act or the Rehabilitation Act). Accordingly, the Court grants Defendants' motion for judgment on the pleadings as to Plaintiff's § 1983 claim against the Department and Jones in his official capacity and the individual capacity claims against Jones under the Rehabilitation Act and the Americans with Disabilities Act. The remaining claims are Plaintiff's § 1983 individual capacity claim against Jones, the Americans with Disabilities Act and Rehabilitation Act claims against the Department, and Plaintiff's state law claims against the Department and Jones in his individual capacity.

DISCUSSION

Defendants contend that Plaintiff's remaining claims should all be dismissed because (1) Plaintiff did not allege with specificity the circumstances of her brother's beating or any disability discrimination, (2) Jones is entitled to qualified immunity on the § 1983 claims against him, and (3) the Department and Jones are entitled to state law sovereign immunity on the state law claims against them.

The Court acknowledges that Plaintiff did not allege with specificity the circumstances surrounding her brother's beating or how he was discriminated against because of a disability. Normally, the Court would examine the factual allegations and determine whether the allegations, taken as true, establish a claim. All of Plaintiff's claims—that officers used excessive force that had no legitimate penological purpose, that officers were deliberately indifferent to serious risks of harm, that officers engaged in intentional disability discrimination, and that there was a causal connection between Jones's actions and the alleged constitutional deprivations—are fact-intensive. Plaintiff's allegations on these matters are purely conclusory because she cannot, without some discovery, identify any officers who participated in Mincey's beating, disregarded a substantial risk of harm to Mincey, or intentionally discriminated against

Mincey because of a disability.  She also cannot determine what role Jones played in the events leading to Mincey's death.

Plaintiff was not present when Mincey was beaten to death. Her brother is dead and cannot tell her what happened.  Defendants have refused to give Plaintiff any details.  And Defendants have no incentive to volunteer what happened.[1]  Therefore, Plaintiff cannot make specific factual allegations unless she has an opportunity to learn what happened.  The Court thus denies Defendants' motion for judgment on the pleadings.  The Court also finds that the qualified immunity decision the state law sovereign immunity decisions (including whether Plaintiff can establish a waiver of state law sovereign immunity) should be deferred until Plaintiff is permitted to engage in limited discovery to learn what happened.  After that discovery is completed, the Defendants may renew their immunity defenses at summary judgment. The parties shall present the Court with a scheduling order that allows this limited discovery to be completed and an appropriate summary judgment motion filed.

The Court recognizes that qualified immunity is designed to protect government officials from the burden of discovery unless the complaint alleges with specificity a violation of clearly established law.  The Court also understands that the Eleventh

---

[1] The Court observed a similar dilemma in *Bryant v. Harris County*, No. 4:18-CV-106 (CDL), 2018 WL 5316359, at *4 (M.D. Ga. Oct. 26, 2018).

Circuit has disapproved of deferring qualified immunity decisions pending discovery given that "immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted." *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) (per curiam) (vacating district court's order for the parties to confer on a Rule 26(f) report prior to a ruling on the qualified immunity defense). In *Howe*, unlike in this case, the plaintiff was present when the officers engaged in allegedly unconstitutional conduct, and his complaint contained extensive details about the events giving rise to his action. *See generally* Am. Compl., *Howe v. City of Enterprise*, 1:15-cv-113 (M.D. Ala. Apr. 21, 2015), ECF No. 18. Here, in contrast, Plaintiff alleges that although she has sought information about what happened, Defendants refused to provide it. Plaintiff also alleges that corrections officers either beat her brother so severely that he died or allowed other inmates to do so. She further alleges that Jones had customs and practices of tolerating, encouraging, and condoning the misconduct that resulted in Mincey's death.

In summary, Plaintiff's allegations raise a reasonable expectation that limited discovery will reveal evidence of (1) which, if any, corrections officers beat Mincey; (2) which, if any, corrections officers witnessed the beating; (3) the circumstances surrounding the beating and how corrections officers responded to it; (4) whether the corrections officers were acting

in the scope of their official duties at the time of the beating;
(5) whether Jones's customs and practices caused Mincey's death,
and (6) whether state law sovereign immunity has been waived as to
any state law claims.  The immunity decisions in this case are
deferred until Plaintiff can obtain this information.  Defendants'
motion for judgment on the pleadings is thus denied, except to the
extent explained above.

CONCLUSION

For the reasons set forth above, the Court grants Defendants'
motion for judgment on the pleadings (ECF No. 3) as to (1)
Plaintiff's § 1983 claims against the Department and Jones in his
official capacity and (2) Plaintiff's individual capacity claims
against Jones under the Rehabilitation Act and the Americans with
Disabilities Act.  The Court otherwise denies the motion for
judgment on the pleadings and defers ruling on whether Jones is
entitled to qualified immunity on the § 1983 claims and whether
Defendants are entitled to state law sovereign immunity on the
state law claims.  Within twenty-eight days of today's Order, the
parties shall present the Court with a scheduling order that allows
the limited discovery described above to be completed and an
appropriate summary judgment motion filed.

IT IS SO ORDERED, this 17th day of January, 2024.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA